**COMMON SENSE SALMON RECOVERY, et al.,**
**Plaintiffs,**

v.

**Donald L. EVANS, Secretary of the United States Department of Commerce, et al.,[1] Defendants.**

**Civil Action No. 99–1093(PLF).**

United States District Court,
District of Columbia.

July 31, 2002.

1. Secretary of Commerce Donald Evans has been substituted as the named defendant under Rule 25(d) of the Federal Rules of Civil Procedure.

18

Roger J. Marzulla, Nancie G. Marzulla, Marzulla & Marzulla, Washington, DC, for plaintiffs.

Samuel D. Rauch, II, Ruth Ann Lowery, U.S. Dept. of Justice, Environment & Natural Resources Div., Washington, DC, Patti A. Goldman, Earthjustice Legal Defense Fundd, Seattle, WA, Russell C. Brooks, Pacific Legal Foundation, Bellevue, WA, for defendants.

### MEMORANDUM OPINION AND ORDER

PAUL L. FRIEDMAN, District Judge.

Plaintiffs have filed a motion to compel the production of documents, to which defendants have filed an opposition and a motion for a protective order. Defendants also have filed a motion for summary judgment as to all claims in plaintiffs' amended

complaint. Plaintiffs have not filed an opposition to the motion for summary judgment but instead have moved to strike or continue defendants' motion for summary judgment—essentially a Rule 56(f) motion. *See* Rule 56(f), Fed.R.Civ.P. Upon consideration of the arguments of the parties and the entire record in this case, the Court denies plaintiffs' motion to compel and grants defendants' motion for a protective order. The Court also denies plaintiffs' Rule 56(f) motion and will establish a briefing schedule for completion of the briefing on the motion for summary judgment.

## I. BACKGROUND

On March 24, 1999, the United States Department of Commerce, National Marine Fisheries Service ("NMFS") issued a final rule listing the chinook salmon located in the Lower Columbia, Upper Willamette spring and Puget Sound as threatened and the chinook salmon of the Upper Columbia spring as endangered. *See* Endangered and Threatened Species; Threatened Status for Three Chinook Salmon Evolutionarily Significant Units (ESUs) in Washington and Oregon, and Endangered Status for One Chinook Salmon ESU in Washington, 64 Fed.Reg. 140308–01 (Mar. 24, 1999). Plaintiffs have filed suit challenging the listing decision and have set forth five separate causes of action in their amended complaint.

Defendants began to compile the administrative record based on the claims in plaintiffs' amended complaint. They represent that on October 22, 1999, they provided defendants with the administrative record.[2] After receiving the administrative record, plaintiffs served defendants with two sets of document production requests ("RFPs"). Although defendants have produced some documents, for the most part they have refused to provide discovery to plaintiffs on the ground that this is an administrative agency case that should be resolved on the basis of the administrative record. Plaintiffs have filed a motion to compel the production of documents responsive to 14 of its 16 RFPs. *See* Plaintiffs' Motion to Compel Production of Documents ("Mot. to Compel"), at 2–13. Defendants oppose the motion to compel and have filed a motion for a protective order.

## II. MOTION TO COMPEL AND MOTION FOR PROTECTIVE ORDER

Almost the entire history of this case has been spent litigating discovery issues. Plaintiffs have filed two motions to compel (including the one currently pending), a Rule 56(f) motion and a separate FOIA action. The Court is troubled by the apparent failure of plaintiffs to consult with defendants in an effort to resolve discovery issues without involving the Court. Plaintiffs represent that they have consulted with defendants as required by the applicable rules. *See* Rule 37(a)(2)(A), Fed.R.Civ.P. (consultation before filing motion to compel); Rule 7.1.(m), Local Civ.R. (consultation required before filing any non-dispositive motion). Defendants, however, explain that after their initial discussions with plaintiffs, plaintiffs have not consulted with them regarding the need to supplement or update discovery or the administrative record. Nor have plaintiffs brought to their attention records that plaintiffs believe should have been included in the administrative record

---

**2.** Defendants assert and plaintiffs do not contest that the administrative record was completed on October 22, 1999. The Court's records, however, reveal that the administrative record was never filed with the Court. Defendants promptly should rectify this oversight.

but were not.[3] Defendants represent that consultation between the parties *may* have resolved these issues without the need for a motion to compel. *See* Federal Defendants' Memorandum in Support of Motion for Protective Order and in Opposition to Motion to Compel ("Mot. for Protective Order & Opp.") at 27–29, 42–44. Although the Court could deny the motion to compel discovery and grant the motion for a protective order for failure to comply with the Federal and Local Rules, it instead will consider the merits of the parties' respective positions.

■ In their motion to compel, plaintiffs fail to recognize the basic rule that generally discovery is not permitted in Administrative Procedure Act cases because a court's review of an agency's decision is confined to the administrative record. *See, e.g., Community for Creative Non–Violence v. Lujan*, 908 F.2d 992, 997 (D.C.Cir.1990); *Edison Elec. Inst. v. OSHA*, 849 F.2d 611, 617–18 (D.C.Cir. 1988). "The administrative record includes all materials 'compiled' by the agency . . . that were before the agency at the time the decision was made." *James Madison Ltd. v. Ludwig*, 82 F.3d 1085, 1095 (D.C.Cir.1996) (internal quotation marks and citations omitted); *see Citizens to Preserve Overton Park v. Volpe*, 401 U.S. 402, 419–20, 91 S.Ct. 814, 28 L.Ed.2d 136 (1971). In certain limited circumstances, a court may permit supplementation of the administrative record when such supplementation is necessary to provide a full explanation of the agency's decision. *See, e.g., James Madison Limited v. Ludwig*, 82 F.3d at 1095; *Esch v. Yeutter*, 876 F.2d 976, 991 (D.C.Cir.1989); *Walter O. Boswell Memorial Hospital v. Heckler*, 749 F.2d 788, 791–92 (D.C.Cir.1984). A court also may find it necessary in some cases to consider explanations regarding the state of the original record and decision, although it may not entertain *post hoc* rationalizations where no rationale was set forth before. *See Carlton v. Babbitt*, 900 F.Supp. 526, 531 (D.D.C.1995). Finally, a court may permit discovery but only in two limited circumstances: (1) when there is a "strong showing of bad faith or improper behavior," or (2) when discovery provides "the only possibility for effective judicial review and when there have been no contemporaneous administrative findings." *Community for Creative Non–Violence v. Lujan*, 908 F.2d at 997 (citing *Citizens to Preserve Overton Park v. Volpe*, 401 U.S. at 420, 91 S.Ct. 814).

■ Plaintiffs argue strenuously that defendants cannot simply rely on what has been produced in the administrative record as a basis for resisting discovery.[4] The cases they cite, however, are inapposite because they concern discovery in non-administrative review cases. In the administrative law context, courts uniformly have held that discovery typically is not permitted. *See supra* at 4–5. Furthermore, this case does not present the type of situation that would permit plaintiffs to take discovery outside of the administrative record. *See Community for Creative Non–Violence v. Lujan*, 908 F.2d at 997–98.[5] Similarly, with respect to plaintiffs'

---

**3.** In RFPs 1, 2, 4, 7, 9, 10, 11 and 15, plaintiffs seek to compel defendants to supplement their prior discovery responses, and RFPs 1 and 2 only raise the supplementation issue. *See* Mot. to Compel at 2–4, 6–10, 12–13. In RFPs 6, 8 and 11, plaintiffs state that they can establish that defendants possess responsive records that are not included in the record. *See id.* at 5–7, 10–11.

**4.** With respect to RFPs 7, 9, 11 and 13, defendants object to discovery because discovery outside the administrative record is not permitted. *See* Mot. to Compel at 6–8, 10–11.

**5.** Plaintiffs seem to suggest that there is something improper about the way in which defendants created an administrative record based on the claims raised in this case, rather than

requests for documents created after the agency made its listing decision or documents that concern post-decisional events, it is established that defendants are not required to include such documents in the administrative record. *See Florida Power & Light Co. v. Lorion,* 470 U.S. 729, 733–34, 105 S.Ct. 1598, 84 L.Ed.2d 643 (1985); *IMS, P.C. v. Alvarez,* 129 F.3d 618, 623–24 (D.C.Cir.1997).[6]

■ Plaintiffs also contend that they are entitled to discovery because the administrative record prepared by defendants does not include documents relevant to other claims raised by the amended compliant. Their specific grievance is that claims under the Magnuson–Stevens Act and the Sustainable Fisheries Act have not been included in the administrative record.[7] Based on their examination of plaintiffs' amended complaint, however, defendants argue that the claim under these two statutes is actually quite narrow and they have included in the record all the materials relevant to this one claim. *See* Mot. for Protective Order & Opp. at 23–25, 29–30, 40–41, 43–44. In response, plaintiffs fail to clarify what they contend their Magnuson–Stevens Act and Sustainable Fisheries Acts claims are and instead refer vaguely to their "other claims" under these Acts.[8] Because it is not clear what other claims, if any, plaintiffs wish to bring or think they have brought under these statutes, the Court agrees that it would be unduly burdensome for defendants to search for, copy and produce all records based on plaintiffs' speculative claims. *See* Mot. for Protective Order & Opp., Third Declaration of Samuel D. Rauch, III, Ex. 17, Declaration of William Robinson, ¶¶ 2–14. Because plaintiffs have failed to show that they in fact have "other claims" under the Magnuson–Stevens Act or Sustainable Fisheries Act, or precisely what they are, the Court denies plaintiffs' motion to compel and grants defendants' motion for a protective order.

■ Plaintiffs also request materials pertaining to two agency policies that provide guidance on how the agency should make listing decisions under the ESA and that were utilized in this particular listing decision.[9] Although plaintiffs may challenge the application of these policies to the decisions made by the Department in this case, defendants respond that plaintiffs may not challenge the policies themselves because the six-year statute of limitations has expired for each. Plaintiffs assert without any support that these policies were promulgated in violation of the APA and that the statute of limitations therefore does not apply. While this prop-

---

simply releasing all of the documents that the Department of Commerce, NMFS, relied on when making this decision. So long as the administrative record itself is complete, however, the procedure followed by defendants is proper. *See* Richard J. Pierce, Jr., II ADMINISTRATIVE LAW TREATISE § 11.6 (4th ed.2002).

**6.** Plaintiffs seeks post-decisional documents in RFPs 1, 2, 4, 7, 9, 10, 11 and 15.

**7.** These arguments are relevant to RFPs 3, 4, 9, 10, 13, 14 and 15.

**8.** Plaintiffs' papers are replete with vague references to their "other claims" under these Acts without further clarification. *See* Plaintiffs' Memorandum in Support of Motion to Compel Production of Documents ("Mem. Mot. to Compel") at 5–6, 8–10, 15; Plaintiffs' Reply Brief in Support of Motion to Compel and Opposing Protective Order ("Reply to Mot. to Compel & Opp.") at 11–12, 16; *see also* Plaintiffs' Motion to Strike or Continue Defendants' Motion for Summary Judgment ("Mot. to Strike or Continue") at 2–3.

**9.** Plaintiffs seek to challenge the Evolutionary Significant Units policy and the Artificial Propagation Policy, both of which were utilized in the ESA listing decision challenged here.

osition seems questionable at best, before the Court will require defendants to include in the record documents related to the promulgation of these policies, plaintiffs must show as a threshold matter that they have a viable basis to challenge the creation of these policies—a showing that they have not made based on the papers submitted. At this stage, the Court will not order defendants to include these documents in the administrative record.

■ Finally, plaintiffs contend that they are entitled to the raw genetic data used in some of the studies relied upon by defendants when the listing decision was issued. Plaintiffs' argument, however, misreads the decision in *Endangered Species Committee v. Babbitt*, 852 F.Supp. 32 (D.D.C. 1994). In that case, Judge Sporkin acknowledged that an agency is not normally obligated to make available the raw data upon which the reports considered by the agency were based if the agency itself did not rely on the raw data when it reached its decision. *See id.* at 36–37. Under the facts of Judge Sporkin's case, however, disclosure was required inasmuch as the agency had reason to doubt the validity of a study on which it had relied because a different study conducted two years earlier using the same data had reached an opposite conclusion. *See id.* at 37. Under those unique circumstances, Judge Sporkin concluded that the agency had improperly withheld the raw data from members of the public who wished to comment on the proposed rule. Plaintiffs have not identified any facts in this case that make it the least bit similar to the situation before Judge Sporkin, as defendants point out that they did not rely on the raw data when making the listing decision challenged here. Plaintiffs' argument, in essence, is that they are entitled to this raw data under the rules of discovery just because they want it. That, of course, is not

the law. Plaintiffs' motion to compel is denied and defendants' motion for a protective order is granted.

### III. MOTION FOR SUMMARY JUDGMENT AND MOTION TO STRIKE OR CONTINUE MOTION FOR SUMMARY JUDGMENT

■ Defendants have filed a motion for summary judgment with respect to all of the claims raised by plaintiffs. Not surprisingly, plaintiffs contend that because they need discovery in order to respond to defendants' motion, the Court should either strike or continue the motion for summary judgment. In this connection, plaintiffs simply reiterate the arguments raised in their motion to compel and opposition to the motion for a protective order. For the reasons stated above, the Court denies plaintiffs' motion to strike or continue the motion for summary judgment.

An inordinate amount of time has been spent in this APA case litigating discovery matters. Clearly it is time now to move towards a resolution of the merits of the case and to recognize that this is an administrative agency case in which discovery typically is not permitted. As this Memorandum Opinion demonstrates, most of the matters raised by plaintiffs lack merit and many of them border on the frivolous. Because so much time has elapsed since the motion for summary judgment originally was filed, the Court will permit defendants an opportunity to supplement their motion for summary judgment before plaintiffs file an opposition. Accordingly, it is hereby

ORDERED that plaintiffs' motion to compel [27–1] is DENIED; it is

FURTHER ORDERED that defendants' motion for a protective order [30–1] is GRANTED. Plaintiffs shall not be permitted to serve defendants with requests for the production of documents until after

defendants' motion for summary judgment is resolved on the merits (if at all); it is

FURTHER ORDERED that plaintiffs' motion to strike or continue [38–1, 38–2] is DENIED;

FURTHER ORDERED that on or before August 30, 2002, defendants, if they wish, may file a supplement, if any, to their motion for summary judgment. Defendant-intervenors shall file their motion for summary judgment with respect to plaintiffs' first and second causes of action on the same date. On or before September 20, 2002, plaintiffs shall file a single opposition to both motions for summary judgment. On or before October 7, 2002, defendants and defendant-intervenors shall file their replies. All parties shall comply with the page limits set forth in the Local Civil Rules.

SO ORDERED.