*See* Fed. R.App. P. 41(b); D.C.Cir. Rule 41.

**Raymond W. STEPHENS, Jr., Appellant**

v.

**DEPARTMENT OF LABOR, DEEOIC, Appellee.**

No. 08–5481.

United States Court of Appeals, District of Columbia Circuit.

July 6, 2010.

Raymond W. Stephens, Jr., Sarasota, FL, pro se.

R. Craig Lawrence, Claire M. Whitaker, U.S. Attorney's Office, Washington, DC, for Appellee.

Before: ROGERS, TATEL and GRIFFITH, Circuit Judges.

### JUDGMENT

PER CURIAM.

This appeal from a judgment of the United States District Court for the District of Columbia was presented to the court. The appeal was briefed by counsel for the appellee, court-appointed amicus, and appellant, then appearing *pro se*, and argued by amicus and counsel for both parties. The court has accorded the issues full consideration and has determined that they do not warrant a published opinion. *See* D.C.Cɪʀ. R. 36(d). It is

**ORDERED** and **ADJUDGED** that the judgment of the district court be affirmed.

Appellant Raymond Stephens acquired chronic beryllium disease through his employment at a facility that manufactured beryllium parts for use by the Department of Energy (DOE). Stephens successfully applied for $150,000 in benefits under Part B of the Energy Employees Occupational Illness Compensation Program Act, 42 U.S.C. § 7384 *et seq.* (2006), which applies to employees of beryllium vendors, among others. Stephens then requested supplemental benefits under Part E of the Act, which applies only to DOE contractor employees.

The Office of Workers Compensation Programs (OWCP) in the Department of Labor denied his request. According to the OWCP, Stephens was not a DOE contractor employee within the meaning of the Act because he had not worked at a DOE facility. The Act defines DOE facilities as including "any building, structure, or premise" (A) in which operations have been conducted on behalf of the DOE and (B) "with regard to which the [DOE] has or had (i) a proprietary interest; or (ii) entered into a contract with an entity to provide management and operation, management and integration, environmental remediation services, construction, or maintenance services." 42 U.S.C. § 7384*l* (12). After reviewing over a thousand documents collected from the DOE as well as Stephens's own submissions, the OWCP determined that the plant at which Stephens worked satisfied part (A) of this definition but not part (B). Stephens timely sought review in the district court, which held that the denial of Stephens's application was not arbitrary and capricious and granted summary judgment to the Department of Labor. We affirm.

Amicus first argues that the OWCP arbitrarily and capriciously failed to address whether the DOE entered into a contract with the plant's owner, Loral American

Beryllium Company, to provide construction at the plant. According to amicus, the DOE entered into such a contract when it required Loral to make modifications to the plant that were necessary to produce beryllium parts compliant with the DOE's product specifications and then reimbursed Loral for the costs of the modifications. Stephens did not raise this argument before the OWCP, and it is "not the kind of clear point[ ] that an agency must consider *sua sponte.*" *Advocates for Highway & Auto Safety v. Fed. Motor Carrier Safety Admin.*, 429 F.3d 1136, 1150 (D.C.Cir. 2005). The agency's failure to address the point was not arbitrary and capricious.

The same is true of amicus's argument that the DOE acquired a proprietary interest in the plant. The DOE leased a machine used in the production of beryllium parts and required Loral to install the machine at its plant. The OWCP concluded that this transaction proved that the DOE had a proprietary interest in the machine itself but not in "any building, structure, or premise" at the plant. Amicus contends that the OWCP should have considered whether the machine was a fixture that could be considered part of the plant's realty. Again, Stephens did not make this argument before the agency, which did not act arbitrarily in failing to consider it *sua sponte. See id.* In any event, the general rule is that a fixture becomes the property of the owner of the land; the land does not become the property of the owner of the fixture. *See, e.g.,* JOHN WARD HILL, A MANUAL OF THE LAW OF FIXTURES § 1, at 13 (New York, Baker, Voorhis & Co., 2d ed. 1871).

Stephens also contends that the plant was a DOE facility because the DOE had an intellectual property interest in the manufacturing process used there. He argues that the OWCP misread 42 U.S.C. § 7384*l* (12) when it required that the DOE have an interest in the plant's real property. According to Stephens, the phrase "with regard to which the [DOE] has or had a proprietary interest" in paragraph (B) modifies "operations" in paragraph (A). The OWCP reads paragraphs (A) and (B), taken together, as a compound modifier that refers back to the phrase "any building, structure, or premise." The OWCP's construction of the statute is both more grammatical and more consistent with the structure of subsection (12) than is Stephens's. The agency's interpretation was not arbitrary and capricious. *Cf. Chevron, U.S.A., Inc. v. Natural Res. Def. Council,* 467 U.S. 837, 842–43, 104 S.Ct. 2778, 81 L.Ed.2d 694 (1984).

Amicus also contends that the OWCP misconstrued the procedural rules regarding claims under the Act by placing the burden of proof on Stephens. The court will not disturb the agency's interpretation unless "plainly erroneous" or "inconsistent with the regulation." *Thomas Jefferson Univ. v. Shalala,* 512 U.S. 504, 512, 114 S.Ct. 2381, 129 L.Ed.2d 405 (1994). The regulation states: "Except where otherwise provided in the Act and these regulations, the claimant bears the burden of proving by a preponderance of the evidence the existence of each and every criterion necessary to establish eligibility . . . ." 20 C.F.R. § 30.111. Amicus first argues that the criteria for eligibility do not include proof that a facility satisfies the statutory definition of "DOE facility." But proof that the claimant was a "[DOE] contractor employee as defined in [20 C.F.R.] § 30.5(w)" is one of the relevant criteria, *id.* § 30.230, and making that showing requires proof that the claimant was "employed at a DOE facility," *id.* § 30.5(w). It was not arbitrary or capricious for the OWCP to conclude that the criteria for eligibility include proof that a site is a DOE facility. In the alternative, amicus contends that § 30.5(x)(2) contains an exception to the general burden of

proof set forth in § 30.111. Section 30.5(x)(2) provides that the DOE and Department of Labor will periodically list all DOE facilities in the Federal Register. *Id.* § 30.5(x)(2). But § 30.5(x)(2) says nothing about who bears the burden of proving that a site should be listed as a DOE facility when the DOE and Department of Labor have not been able to identify it as such. The OWCP did not act arbitrarily or capriciously in construing the regulations to place the burden on Stephens.

Finally, there is no merit to the contention that the district court erred in declining to consider evidence outside the administrative record. It is a "widely accepted principle of administrative law that the courts base their review of an agency's actions on the materials that were before the agency at the time its decision was made." *IMS, P.C. v. Alvarez,* 129 F.3d 618, 623 (D.C.Cir.1997). We are not persuaded that any exception to that rule applies here.

We have fully considered Stephens's remaining arguments and find that none warrants reversal. The court thanks amici curiae Matthew Shors and Anton Metlitsky of O'Melveny & Myers LLP for their assistance in this matter.

Pursuant to D.C. Circuit Rule 36(d), this disposition will not be published. The Clerk is directed to withhold the issuance of the mandate herein until seven days after the disposition of any timely petition for rehearing. *See* FED. R.APP. P. 41(b); D.C.CIR. R. 41(a)(1).