**Don COX, Appellant,**

v.

**David ELWING, Appellee.**

**No. 80–669.**

District of Columbia Court of Appeals.

Argued March 19, 1981.

Decided June 18, 1981.

Thomas J. Gaye, Washington D. C., with
whom Daniel S. Evans, Washington D. C.,
was on the brief, for appellant.

Leonard Graff, Washington D. C., with
whom John C. Tonery, Washington D. C.,
(LS # 2692) was on the brief, for appellee.

Before NEWMAN, Chief Judge, NE-
BEKER, Associate Judge, and GALLAGH-
ER, Associate Judge, Retired.

PER CURIAM:

Appellant filed a complaint alleging dam-
ages for breach of contract and for a recov-
ery based upon quantum meruit. Appellant
alleged that he and appellee had entered
into an oral agreement in which appellee
agreed to support him, provide him with
board, maintenance, clothing, medical ex-
penses and other necessaries and to permit
him to share in various real estate proper-
ties. Appellant asserts that in considera-
tion of such promises he agreed not to seek
any employment, education or other ad-
vancement including specifically an employ-
ment offer from an architectural firm, but
rather agreed to maintain the common

domicile and to engage in the renovation, development and sales of the various real estate properties.

Appellee filed an answer denying the foregoing allegations in all material respects and asserted affirmative defenses on the grounds of (a) contravention of the Statute of Frauds and (b) a failure of consideration. Appellee also counterclaimed alleging that appellant had taken and carried away certain tools and had breached his fiduciary duty thereby causing financial loss to appellee.

Subsequently appellee filed a motion for judgment on the pleadings, which was opposed by appellant. The trial court entered an order granting appellee's motion for judgment on the pleadings.

It is apparent that material factual issues have been created by the pleadings filed in this proceeding; and that the case was not in a posture for judgment on the pleadings. There are substantial issues of fact for litigation. We conclude, therefore, that the order granting judgment on the pleadings should be vacated and the case remanded for further proceedings.

*So ordered.*