**Elena PALEY and Helen
Albright, Plaintiffs,**

v.

**ESTATE OF Valerie OGUS and Walter
Ogus Trust, Defendants.**

**No. Civ.A. 96–498 SSH.**

United States District Court,
District of Columbia.

Sept. 30, 1998.

84

Richard Murray, Murray & Jacobs, Alexandria, VA, for Plaintiffs.

Deborah E. Reiser, Deckelbaum Ogens & Fischer, Washington, DC, for Defendants.

## *OPINION*

STANLEY S. HARRIS, District Judge.

Before the Court are defendants' motion to dismiss and plaintiffs' opposition thereto. Upon consideration of the entire record and accepting the factual allegations in the amended complaint as true, the Court grants the motion in part, denies it in part, and defers ruling in part on defendants' motion. "Findings of fact and conclusions of law are unnecessary on decisions of motions under Rule 12 or 56." Fed.R.Civ.P. 52(a); *Summers v. Department of Justice*, 140 F.3d 1077, 1079–80 (D.C.Cir.1998). Nonetheless, the Court sets forth its reasoning.

### BACKGROUND

Plaintiffs, daughters of the late Walter Ogus ("Walter") from his first marriage, seek to enforce an alleged oral contract between Walter and Valerie Ogus ("Valerie"), Walter's second wife, or, in the alternative, to enforce rights under a trust resulting from Walter's and Valerie's actions. Plaintiffs assert that Walter and Valerie had an oral agreement that when Walter died, Valerie would enjoy the benefit of his property dur-

ing her lifetime, on the condition that upon her death, she would will all of Walter's remaining property, all their joint property, and any other property she had received as a result of Walter's death equally to plaintiffs and to Valerie's daughter, Judith Newhouser. Valerie also allegedly agreed orally to preserve the assets during her lifetime and to grant plaintiffs' reasonable requests for financial assistance.

In 1992, plaintiffs filed suit against Valerie seeking declaratory relief as to the existence of an oral contract, or, in the alternative, a trust. This Court dismissed that action on the ground that plaintiffs had not presented a justiciable case or controversy under the Declaratory Judgment Act, 28 U.S.C. § 2201. *See Paley v. Ogus*, No. 92–2351 SSH (D.D.C. June 9, 1993) (hereinafter *"Paley I"*). The Court further noted that even had the case been justiciable, it would have declined to exercise its discretion to grant declaratory relief. *Id.* The Court of Appeals affirmed this Court's dismissal of plaintiffs' case, but principally on different grounds. *See Paley v. Ogus*, 1994 U.S.App. LEXIS 36461, at *1 (D.C.Cir.1994) (unpublished *per curiam* memorandum opinion) (hereinafter *"Paley II"*). The Court of Appeals believed that the case was justiciable, but upheld the dismissal of plaintiffs' "maintenance" and "financial assistance" claims on the alternative ground relied upon by this Court (that these claims were not suitable for declaratory relief). *Id.* at *2–3. The Court of Appeals further concluded that plaintiffs' claims regarding their alleged entitlement to an inheritance were barred by the Statute of Frauds, and thus affirmed this Court's dismissal of those claims.[1] *Id.*

Subsequently, Valerie died, bequeathing just $1,000 to each plaintiff and the remainder of her estate to her granddaughter, Nina Newhouser ("Newhouser"). Plaintiffs then filed their complaint in this case. Counts I–III and V of the amended complaint are brought against the Estate of Valerie Ogus ("Estate"), and allege again that Walter and Valerie entered into an oral contract or, in the alternative, established a trust, which Valerie breached when she bequeathed the bulk of her estate to Newhouser.[2] Count IV is brought against the trust established by Walter's written will, the Walter Ogus Trust ("Trust"), and requests (1) an accounting of the Trust's assets and (2) that judgment be entered in plaintiffs' favor for any sums found to be due them as a result of such an accounting.

## DISCUSSION

### I. *Res Judicata,* Issue Preclusion, and the Statute of Frauds

Defendants first assert that *res judicata* and issue preclusion bar plaintiffs' present claims stemming from any oral contract to make a will because the Court of Appeals previously concluded that essentially identical claims were barred by the Statute of Frauds.[3] *See Paley II*, 1994 U.S.App. LEXIS, at *7–11. Plaintiffs argue that these doctrines do not apply because there is no prior final judgment on the merits and the Statute of Frauds issue was not actually litigated in the prior proceedings.

### A. *Res Judicata* Precludes Plaintiffs' Claims of Entitlement to an Inheritance

"Under *res judicata*, a final judgment on the merits of an action precludes the

---

1. Because the Court of Appeals affirmed the "maintenance" and "financial assistance" claims on this Court's alternative ground for relief, it did not address whether the Statute of Frauds would have barred those claims.

2. Count I asserts that Valerie breached the alleged oral contract. Count II claims that the agreement between Walter and Valerie created a trust for plaintiffs and that Valerie breached her fiduciary duties arising from that trust. Count III requests an action for accounting against Valerie's estate. Count V requests specific performance of the alleged oral contract.

3. The Court uses the term "issue preclusion" instead of "collateral estoppel." "Issue preclusion" encompasses both collateral and so-called direct estoppel. *See* 18 Charles A. Wright, Arthur R. Miller, & Edward H. Cooper, Federal Practice and Procedure: Jurisdiction § 4418 at 170 (1981 ed.); *Semler v. Psychiatric Institute of Washington, D.C., Inc.*, 575 F.2d 922, 927 n. 29 (D.C.Cir.1978) (noting that the principles of collateral and direct estoppel comprise the doctrine of issue preclusion and stating the legal standard without noting any distinction between the two).

parties or their privies from relitigating issues that were or could have been raised in that action." *Allen v. McCurry,* 449 U.S. 90, 94, 101 S.Ct. 411, 66 L.Ed.2d 308 (1980). In order for *res judicata* to apply, defendants must demonstrate the existence of (1) an identity of parties in both suits; (2) a judgment rendered by a court of competent jurisdiction; (3) a final judgment on the merits; and (4) an identity of the cause of action in both suits. *Brannock Assocs., Inc., v. Capitol 801 Corp.,* 807 F.Supp. 127, 134 (D.D.C. 1992) (citing *U.S. Indus., Inc. v. Blake Constr. Co.,* 765 F.2d 195, 205 n. 21 (D.C.Cir.1985)); *see also Federated Dep't Stores, Inc. v. Moitie,* 452 U.S. 394, 399, 101 S.Ct. 2424, 69 L.Ed.2d 103 (1981) (stating that "technical elements" of *res judicata* were satisfied when the first case "was a final judgment on the merits and involved the same claims and the same parties as" the subsequent case). Of the foregoing requirements, plaintiffs contest only the existence of a final judgment on the merits. They note (1) that this Court's dismissal of their previous case (based upon a lack of justiciability and, alternatively, a decision not to exercise discretion under the Declaratory Judgment Act) did not constitute a final judgment on the merits; and (2) that although the Court of Appeals concluded that the Statute of Frauds barred part of the action (which ordinarily would constitute a decision on the merits), its judgment simply affirms this Court's decision rather than explicitly affirming on a different ground (the analysis indicating that the affirmance was on a different ground is contained only in the memorandum accompanying the Court of Appeals' Judgment). From these observations, plaintiffs conclude that the Court of Appeals' decision cannot constitute a final judgment on the merits because it affirms this Court's dismissal of the claims on grounds which did not reach the merits of the case, rather than entering a separate judgment on the merits.

■ Plaintiffs are correct in their observation that this Court's dismissal of their previous case did not constitute a judgment on the merits for the purposes of *res judicata.* *See* 18 Charles Alan Wright, Arthur R. Miller & Edward H. Cooper, Federal Practice and Procedure: Jurisdiction § 4446

(1981) (indicating that the denial of declaratory relief as a matter of remedial discretion does not preclude further litigation on the same.issues or claims); *id.* § 4435 (indicating that dismissals for lack of jurisdiction do not operate to bar a second action); *see also Costello v. United States,* 365 U.S. 265, 286, 81 S.Ct. 534, 5 L.Ed.2d 551 (1961). The Court of Appeals' disposition of the case, however, clearly constitutes a final judgment on the merits on some of plaintiffs' claims. The Court of Appeals has *de novo* review of a district court's decision to grant a motion to dismiss. *See Kowal v. MCI Communications Corp.,* 16 F.3d 1271, 1276 (D.C.Cir. 1994). Furthermore, an appellate court may affirm a lower court's decision on a different ground than the one relied on by the lower court. *See Helvering v. Gowran,* 302 U.S. 238, 245, 58 S.Ct. 154, 82 L.Ed. 224 (1937) ("In the review of judicial proceedings, the rule is settled that, if the decision below is correct, it must be affirmed, although the lower court relied upon a wrong ground or gave a wrong reason."). In light of these well-established principles, the Court rejects plaintiffs' novel and unsupported argument that an appellate court's affirmance of a lower court decision renders the ground for the affirmance given by the appellate court in an accompanying unpublished memorandum mere *dicta,* and concludes that the part of the Court of Appeals' decision dismissing plaintiffs' claims on Statute of Frauds grounds constituted a final judgment on the merits. Consequently, plaintiffs' claims asserting that they were entitled to inherit portion of Valerie's estate are barred by *res judicata.*

### B. Issue Preclusion Does Not Bar Litigation of the Statute of Frauds Question

■ Defendants next contend that issue preclusion prevents the Court from revisiting the factual question, relevant to plaintiffs' "maintenance" and "financial assistance" claims, of whether the alleged oral contract involved realty (in which case it would be barred by the Statute of Frauds). Issue preclusion prevents the relitigation of an issue which has been " 'actually litigated and

necessarily decided by a final disposition on the merits,' in a prior litigation between the same parties" by a court of competent jurisdiction, *United States v. TDC Mgmt. Corp.*, 24 F.3d 292, 295 (D.C.Cir.1994) (internal citation omitted); *see also Allen*, 449 U.S. at 94, 101 S.Ct. 411 ("Under collateral estoppel, once a court has decided an issue of fact or law necessary to its judgment, that decision may preclude relitigation of the issue in a suit on a different cause of action involving a party to the first case."), but only if preclusion in the second case would not work a basic unfairness to the party bound by the first determination. *See Blonder–Tongue Labs., Inc. v. University of Ill. Foundation*, 402 U.S. 313, 333, 91 S.Ct. 1434, 28 L.Ed.2d 788 (1971) (noting that fairness is a concern when there is a risk that "prior proceedings were seriously defective"); *Yamaha Corp. of America v. United States*, 961 F.2d 245, 254 (D.C.Cir.1992) (stating that "an example of such unfairness would be when the losing party clearly lacked any incentive to litigate the point in the first trial, but the stakes of the second trial are of a vastly greater magnitude"), *cert. denied*, 506 U.S. 1078, 113 S.Ct. 1044, 122 L.Ed.2d 353 (1993); *Otherson v. Department of Justice*, 711 F.2d 267, 273 (D.C.Cir.1983).

■ The key issue in this case is the "actually litigated" element of issue preclusion and its application to the factual question of whether the alleged oral contract dealt with realty and the closely related legal issue of the application of the Statute of Frauds to the contract. "Actually litigated" means that the same issue was "contested by the parties and submitted for determination by the court." *Otherson*, 711 F.2d at 273; *see also*

*Martin v. Malhoyt*, 830 F.2d 237, 264 (D.C.Cir.1987) (indicating that issue preclusion only applies where the party against whom it is asserted had a "full and fair opportunity to litigate the issue in the first action") (internal citation omitted). Therefore, "[i]f the court, in the former action, assumes to adjudicate an issue or question not submitted by the parties in their pleadings nor drawn into controversy by them in the course of the evidence, and bases its judgment on such adjudication, the judgment is not conclusive in a subsequent proceeding, under the doctrine of estoppel by judgment." *Diplomat Elec., Inc. v. Westinghouse Elec. Supply Co.*, 430 F.2d 38, 45 (5th Cir.1970).

Plaintiffs assert that the factual issue of whether realty was involved was "not contested" by the parties in *Paley II*, but rather that the Court of Appeals (incorrectly) presumed that plaintiffs conceded the real property issue because they did not contest defendants' factual assertion to that effect made in their motion to dismiss.[4] According to plaintiffs, issue preclusion cannot apply because they were not under an obligation to contest defendants' factual assertion, and the Court of Appeals' reliance on that assertion deprived plaintiffs of a full and fair opportunity to litigate the realty issue.

■ The Court agrees with plaintiffs that if they had no notice that the Court of Appeals would address the factual issue contained in defendants' motion to dismiss or that plaintiffs' failure to contest the issue would result in defendants' assertion being deemed true, the realty issue cannot be said to have been "actually litigated."[5] Thus, the

---

4. In their response to defendants' motion to dismiss in *Paley I* and in their Reply Brief in *Paley II*, plaintiffs merely argue that the devise is taken out of the Statute of Frauds because of part performance, but do not specifically admit or refute that realty was at issue. Appellants' Reply Br. at 5; Opp'n to Defs.' Mot. to Dismiss at 9.

5. For example, facts established through stipulation or by consent decree usually are not given preclusive effect in subsequent proceedings. *See Jack Faucett Assocs., Inc. v. AT & T*, 744 F.2d 118, 132 (D.C.Cir.1984) ("Generally speaking, when a particular fact is established not by judicial resolution but by stipulation of the parties, that fact has not been 'actually litigated' and thus

is not a proper candidate for issue preclusion.") (quoting *Otherson*, 711 F.2d at 274), *cert. denied*, 469 U.S. 1196, 105 S.Ct. 980, 83 L.Ed.2d 982 (1985); *Southern Pacific Communications Co. v. AT & T*, 740 F.2d 1011, 1020–21 (D.C.Cir.1984) (stating that although some courts have given issue preclusion effects to consent judgments, such action is appropriate "only when it is clear that the parties intended the stipulation of settlement and judgment entered thereon to adjudicate once and for all the issues raised in that action") (internal quotation omitted). If the parties' explicit agreement as to the facts in a stipulation or consent decree is insufficient to trigger issue preclusion absent the parties' clear intention that it apply, certainly a court's decision to

crucial issue is whether the proceedings before the Court of Appeals should have given plaintiffs notice of an obligation to contest the factual issue. Upon careful consideration of the proceedings before the Court of Appeals in *Paley II* and the relevant law, the Court concludes that plaintiffs had no obligation to contest the realty issue, and thus it was not "actually litigated" before the Court of Appeals.[6]

■ Defendants' motion to dismiss in the earlier case was made pursuant to Federal Rule of Civil Procedure 12(b)(6). "To prevail on a motion to dismiss for failure to state a claim pursuant to 12(b)(6), [defendants] must show 'beyond doubt that the plaintiff[s] can prove no set of facts in support of [their] claim which would entitle [them] to relief.'" *EEOC v. St. Francis Xavier Parochial School,* 117 F.3d 621, 624 (D.C.Cir.1997) (quoting *Conley v. Gibson,* 355 U.S. 41, 45–46, 78 S.Ct. 99, 2 L.Ed.2d 80 (1957)). The Court "must accept [plaintiffs'] factual allegations as true ... and draw all inferences in the[ir] ... favor." *Id.* at 625. The Court may "consider only the facts alleged in the complaint, any documents either attached to or incorporated in the complaint and matters of which [the Court] may take judicial notice." *Id.* at 624 (internal citation omitted). This is true both at the district court level and on appellate review. *See Tele–Communications of Key West, Inc. v. United States,* 757 F.2d 1330, 1335 (D.C.Cir.1985) (indicating that in evaluating an appeal of a district court's dismissal of a case on Rule 12(b)(6) grounds, an appellate court "must be especially careful to scrupulously avoid making factual assumptions which appear reasonable or even obvious from the record but which cannot properly be drawn from the plaintiff's complaint").

■ If the Court looks beyond these sources in considering a Rule 12(b)(6) motion, to things such as "any written or oral evidence in support of or in opposition to the pleading that provides some substantiation for and does not merely restate what is said in the pleadings," 5A Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure: Civil 2d § 1366 (1990), it must convert the motion to dismiss into a motion for summary judgment. *See* Fed.R.Civ.P. 12(b); *IMS, P.C. v. Alvarez,* 129 F.3d 618, 619 n. 1 (D.C.Cir.1997). Before conversion, the adverse party must be afforded the procedural protections of Rule 56, including a "'reasonable opportunity to present all material made pertinent to such a motion by Rule 56.'" *Neal v. Kelly,* 963 F.2d 453, 455–56 (D.C.Cir. 1992) (quoting Fed.R.Civ.P. 12(b)), *see also* Fed.R.Civ.P. 56, *Americable Int'l Inc. v. Department of Navy,* 129 F.3d 1271, 1273 n. 5 (D.C.Cir.1997). The purpose of the conversion provision of Rule 12(b) is to "insure[ ] that both parties shall be given a reasonable opportunity to submit affidavits and extraneous proofs to avoid taking a party by surprise through the conversion of the motion [to dismiss] into a motion for summary judgment." Fed.R.Civ.P. 12(b) Advisory Committee Notes to the 1946 Amendment; *see also Gordon v. National Youth Work Alliance,* 675 F.2d 356, 360 (D.C.Cir.1982) ("The mandatory language in which Rule 12(b)'s proviso is couched underscores the impor-

deem conceded an unsupported factual allegation which the other party had no obligation to contest should not be given preclusive effect.

**6.** The complicated procedural posture of this case places the Court in the unusual position of finding that the Court of Appeals addressed a factual and legal issue with sufficient finality to trigger *res judicata,* but concluding that those issues were not actually litigated for the purposes of issue preclusion. Although unusual, however, this result is not unheard of, the preclusion doctrine "admit[s] exceptions and ... there is more leeway for exceptions as to issue preclusion than as to claim preclusion *(res judicata)."* *National Treas. Employees Union v. IRS,* 765 F.2d 1174, 1177 (D.C.Cir.1985). The absence of an "actually litigated" requirement for the application of

*res judicata* means that although the Court concludes that the Court of Appeals mistakenly relied on defendants' factual assertion that realty was at issue in determining the Statute of Frauds issue, it is nonetheless bound by that decision as it relates to the claims barred by *res judicata. See Federated Dep't Stores,* 452 U.S. at 398, 101 S.Ct. 2424 ("an 'erroneous conclusion' reached by the court in the first suit does not deprive the defendants in the second action 'of their right to rely upon the plea of *res judicata....* A judgment merely voidable because based upon an erroneous view of the law is not open to collateral attack, but can be corrected only by a direct review and not by bringing another action upon the same cause [of action]' ").

tance of providing plaintiffs with the essential safeguards of summary judgment procedure whenever they face a motion to dismiss that turns on questions of fact.").

In sum, a court—whether at the trial or appellate level—evaluating a motion to dismiss for failure to state a claim must limit itself either to facts alleged within the complaint or of which judicial notice may be taken or must convert the motion to dismiss into one for summary judgment and permit the opposing party to file a responsive pleading in accordance with Rule 56. In evaluating defendants' contention in their motion to dismiss that the Statute of Frauds applied to the alleged oral contract, the Court of Appeals stated: "Appellee argues and appellants do not dispute that the property Valerie would be required to devise under the alleged contract includes real property." *Paley II,* 1994 U.S.App. LEXIS, at *7. The Court of Appeals, in so noting, apparently did not consider the fact that plaintiffs had no obligation to dispute this factual claim. *See* Fed.R.Civ.P. 12(b)(6); *St. Francis Xavier,* 117 F.3d at 624. Defendants' unsupported factual allegation regarding the involvement of realty was made only in their motion to dismiss and cannot be found either within the complaint or materials attached to or incorporated in it.[7] Indeed, with all due respect, having treated this fact as conceded on appeal was particularly inappropriate because it is unsubstantiated by anything in the record.[8] *See Henthorn v. Department of Navy,* 29 F.3d 682, 688 (D.C.Cir.1994) ("factual allegations in briefs or memoranda of law . . . may never be considered when deciding a 12(b)(6) motion, . . . and most certainly may not be considered when the facts they contain contradict those alleged in the complaint.") (internal citations omitted); *Fonte v. Board of Managers of Continental Towers Condo.,* 848 F.2d 24, 25 (2d Cir.1988) ("factual allegations contained in legal briefs or memoranda are . . . treated as matters

outside the pleading for the purposes of Rule 12(b)."); *Brand v. Westall,* 1995 WL 235579, at *2 (D.D.C.1995) (stating that a motion to dismiss relying on an unsupported factual assertion "is procedurally deficient, and that denial of the motion is warranted solely for that reason.").

Thus, plaintiffs would have had notice of the Court of Appeals' intention to address the factual assertion in defendants' brief only if the motion to dismiss had been converted into a motion for summary judgment. Even then, however, the Court of Appeals should not have relied on the statement in defendants' brief, as it did not satisfy the standards established by Federal Rule of Civil Procedure 56. *See Goldman v. Summerfield,* 214 F.2d 858, 859 (D.C.Cir.1954) ("[S]tatements of fact in [legal] memoranda cannot ordinarily be given the dignity of a pleading or deposition, even though no effort is made to controvert them."); *Brand,* 1995 WL 235579, at *2 (declining to convert a motion to dismiss into a motion for summary judgment because defendants' factual assertion in their memorandum was unsupported by any materials which would have satisfied Rule 56); *In re Penn Central Securities Litig.,* 367 F.Supp. 1158, 1177 (E.D.Pa.1973) (concluding that "because there [were] no affidavits in support of the motion [to dismiss] and, in fact, nothing but the bare [factual assertion], we cannot treat it as a 12(b)(6) motion turned motion for summary judgment"). Indeed, the Court of Appeals has acknowledged that

> memoranda of points and authorities are no more than trial briefs. . . . Neither the Federal Rules nor custom at the bar contemplate transformation of legal memoranda into a new vehicle of factual conflict. Certainly, attorneys do not ordinarily conceive that they proceed at their peril if they fail to controvert allegations of fact made by opposing attorneys in their briefs.

---

7. The Statute of Frauds is an affirmative defense. *See Cox v. Elwing,* 432 A.2d 736, 737 (D.C.1981). "The burden of proving an affirmative defense rests with the party asserting it." *Green v. District of Columbia Dep't of Employment Servs.,* 499 A.2d 870, 877 n. 7 (D.C.1985). Accordingly, plaintiffs had no obligation to make any factual allegations regarding the involvement or nonin-

volvement of realty in this action in their complaint, and the silence of their complaint as to such involvement does not affect the viability of their claims in any way.

8. Nor is it the sort of fact of which judicial notice could have been taken. *See* Fed.R.Evid. 201(b).

*Sardo v. McGrath,* 196 F.2d 20, 23 (D.C.Cir. 1952) (footnote omitted); *see also Richardson v. Rivers,* 335 F.2d 996, 998 n. 4 (D.C.Cir.1964). Thus, even had defendants' motion theoretically been converted into a motion for summary judgment, plaintiffs still would have had no notice of an obligation to contest the factual allegation contained only in defendants' brief. *See Sardo,* 196 F.2d at 23 n. 7. Accordingly, even though the Court of Appeals deemed defendants' factual assertion to be conceded and decided the legal issue of the application of the Statute of Frauds accordingly, this Court concludes that the issue was not "actually litigated" and thus issue preclusion does not apply to the realty issue.[9]

## C. Statute of Frauds

 Because the Court concludes that the factual issue of whether the alleged oral contract involved realty may be relitigated in this proceeding, the Court turns to defendants' contention that the portion of plaintiffs' complaint not barred by *res judicata* (the "maintenance" and "financial assistance" claims) should nonetheless be dismissed be-

cause the alleged oral contract is unenforceable in that the Statute of Frauds bars oral contracts which control the bequest of realty. The amended complaint in this case alleges that "there is no realty at issue in any count against the estate of Valerie Ogus."[10] Am. Compl. ¶ 20. Thus, ordinarily the Court would deny defendants' motion to dismiss on the Statute of Frauds ground outright. However, although plaintiffs were not obligated to take a position on the factual issue of the involvement of realty in their pleadings, they chose to do so and in so doing have taken apparently inconsistent positions on whether Valerie or Walter owned realty at either of the potentially relevant times identified by the parties. As noted above, plaintiffs allege in their amended complaint that "there is no realty at issue in any count against the Estate of Valerie Ogus." Am. Compl. ¶ 20. Plaintiffs also state in their opposition to defendants' motion to dismiss that defendants' factual assertion in the prior case that "real property was at issue" was inaccurate.[11] Pls.' Opp'n to Defs.' Mot. To Dis., at 5. But plaintiffs imply elsewhere in their opposition that realty existed. *See id.,*

---

**9.** Even if the "actually litigated" requirement had been met here, the Court would still decline to apply issue preclusion, because to do so would be unfair to plaintiffs. As indicated above, issue preclusion is an equitable doctrine. *See Otherson,* 711 F.2d at 272–73 ("[I]ssue preclusion is appropriate in only certain circumstances and is subject to important exceptions to prevent unfairness."). Such unfairness may result from the application of issue preclusion when the prior proceedings were "seriously defective" or when the party to be bound did not have a sufficient incentive to litigate the issue in the first proceeding. *Blonder–Tongue Labs.,* 402 U.S. at 333, 91 S.Ct. 1434; *see also Montana v. United States,* 440 U.S. 147, 164 n. 11, 99 S.Ct. 970, 59 L.Ed.2d 210 (1979) ("Redetermination of issues is warranted if there is reason to doubt the quality, extensiveness, or fairness of procedures followed in prior litigation."); *Yamaha,* 961 F.2d at 254. Both types of unfairness—undoubtedly inadvertently—were present in the proceedings before the Court of Appeals. As demonstrated, the Court of Appeals' reliance upon the unsupported factual assertion in defendants' brief was inappropriate. *See, e.g., St. Francis Xavier,* 117 F.3d at 624. Plaintiffs did not have any incentive, either at the district court or appellate levels, to contest defendants' factual assertion because consideration of that assertion by a court on a motion to dismiss was at odds with the Federal Rules of Civil Procedure and the case law of this Circuit. The Court of Appeals' intention to con-

sider factual matters in the pleadings did not become apparent until their decision was issued and judgment was entered.

**10.** Defendants attempt to sidestep this fact by suggesting that evidence in the record indicates that Valerie or Walter owned real property at the time the alleged contract was executed, meaning that the Statute of Frauds applies to the oral contract, even assuming *arguendo* that no real property remained at the time of Valerie's death, because "the operative time for the determination of the validity of a contract is its *validity when made.*" Defendants' Mot. To Dismiss at 3 (citing Corbin on Contracts § 398 (1950) for the proposition that an agreement to devise property may be interpreted to include land if the promisor owns land when the promise is made). The evidence cited by defendants, however, is not sufficient to establish that either Valerie or Walter owned real property at the time the alleged oral contract was made, particularly since at this stage the Court must view the evidence in the light most favorable to plaintiffs.

**11.** In support of this statement, they cite "Attachment C." The Court notes, however, that no attachments to plaintiffs' opposition to defendants' motion to dismiss are in the official case file.

at 6. Accordingly, the Court defers judgment on defendants' motion to dismiss on the Statute of Frauds ground and requests clarification of plaintiffs' position regarding whether realty existed at any time relevant to the potential application of the Statute of Frauds.[12]

## II. Venue

■ Defendants next assert that venue over this action does not lie in this Court because (1) neither plaintiff resides here, (2) Valerie's estate is being administered in Florida, and (3) Newhouser, who is the executrix of Valerie's estate, resides in Illinois. A diversity case may also, however, be brought in "a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred...." 28 U.S.C. § 1391(a)(2). Plaintiffs assert that a substantial part of the events giving rise to this action occurred in the District of Columbia because the alleged oral contract was negotiated and formed here. *See National Acceptance Co. of Amer. v. Wechsler,* 489 F.Supp. 642, 650 (N.D.Ill.1980) (concluding that venue was proper because the claim arose out a contract made in the forum); *Manatee Cablevision Corp. v. Pierson,* 433 F.Supp. 571, 577 (D.D.C.1977) (considering facts that contract was entered into and breached in District of Columbia). Plaintiffs also note that Walter was domiciled in the District of Columbia and his written will establishing the trust which is the subject of Count IV was probated here. The Court concludes that venue is appropriate in this Court and denies defendants' motion to dismiss on this ground.

## III. Transfer

■ Defendants also assert that this action should be dismissed upon the ground of *forum non conveniens.* The common law doctrine of *forum non conveniens* is superseded by 28 U.S.C. § 1404(a) when transfer to another federal district is possible. *Cowan v. Ford Motor Co.,* 713 F.2d 100, 103

(5th Cir.1983). Accordingly, the Court treats defendants' motion to dismiss on the ground of *forum non conveniens* as a motion for transfer pursuant to § 1404(a).

■ Section 1404(a) provides that "[f]or the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought." A party moving for a transfer pursuant to § 1404(a) has the burden of demonstrating that transfer is appropriate. *Air Line Pilots Ass'n v. Eastern Air Lines,* 672 F.Supp. 525, 526 (D.D.C.1987). A threshold requirement for transfer pursuant to § 1404(a) is that there is another district in which the action might properly have been brought. *See Hoffman v. Blaski,* 363 U.S. 335, 343–44, 80 S.Ct. 1084, 4 L.Ed.2d 1254 (1960) ("[T]he power of a District Court under § 1404(a) to transfer an action to another district ... depend[s] ... upon whether the transferee district was one in which the action might have been brought by the plaintiff.") (internal quotation omitted). Defendants, however, have failed to specify the forum to which they believe this action should be transferred, and thus the Court denies defendants' motion for transfer on that ground.

■ Even had defendants passed this initial obstacle, the Court would still deny their motion for transfer because they fail to demonstrate that the "convenience of the parties and witnesses" and "the interests of justice" favor transfer. In determining the propriety of transfer pursuant to § 1404(a), the Court considers both the private interests of the parties and the public interests of the courts:

> The private interest considerations include: (1) the plaintiffs' choice of forum, unless the balance of convenience is strongly in favor of the defendants; (2) the defendants' choice of forum; (3) whether the claim arose elsewhere; (4) the convenience of the parties; (5) the convenience of the

---

12. The Court recognizes that, depending on plaintiffs' submission in response to this Opinion, decision of this issue may require the resolution of the factual question of whether the alleged oral contract or trust involved realty and involve

evidentiary materials. If the Court considers extra-pleading materials at that time, it will convert defendants' motion to dismiss on this ground to a motion for summary judgment.

witnesses ... but only to the extent that the witnesses may actually be unavailable for trial in one of the fora; and (6) the ease of access to sources of proof. The public interest considerations include: (1) the transferee's familiarity with the governing laws; (2) the relative congestion of the calendars of the potential transferee and transferor courts; and (3) the local interest in deciding local controversies at home. *Trout Unlimited v. Department of Agric.*, 944 F.Supp. 13, 16 (D.D.C.1996) (footnotes omitted). Defendants have failed to demonstrate that these factors weigh in favor of transfer.

With respect to the "private" factors, an evaluation of the first and second results in a draw at best. The third factor weighs in favor of denying transfer since the alleged contract was negotiated and agreed to in the District of Columbia, and Walter's will was probated here. The fourth factor is inconclusive because although only one party is convenient to the forum (living in Arlington), the others are scattered throughout the country and no more convenient forum is readily apparent. The fifth factor weighs against transfer because defendants have failed to demonstrate that witnesses would be unavailable for trial. Finally, defendants have failed to demonstrate that any other forum would provide greater ease of access to sources of proof.

The relevant "public" factors also do not favor defendants' request for a transfer. Defendants have not proffered evidence relevant to the determination of the second factor. Factor one favors plaintiffs because defendants do not contest that District of Columbia law will govern this action. Factor three also favors plaintiffs because the

District of Columbia has an interest in litigation involving a District of Columbia domiciliary (Walter), an oral contract allegedly negotiated and agreed to here, and a will probated here. The Court therefore concludes that a transfer in this case would not be appropriate.[13]

### CONCLUSION

For all the foregoing reasons, the Court grants defendants' motion to dismiss plaintiffs' claims that they are entitled to an inheritance as barred by *res judicata* and denies defendants' motion to dismiss on issue preclusion, subject matter jurisdiction, venue, and *forum non conveniens* grounds. The Court defers its consideration of defendants' motion to dismiss the remaining claims as barred by the Statute of Frauds, pending further briefing. An appropriate Order accompanies this Opinion.

### *ORDER*

For the reasons stated in the accompanying Opinion, it hereby is

ORDERED, that defendants' motion for transfer is denied. It hereby further is

ORDERED, that defendants' motion to dismiss is granted in part, denied in part, and deferred in part. It hereby further is

ORDERED, that defendants' motion to dismiss those portions of Counts I, II, III, and V involving plaintiffs' claims that they were entitled to an inheritance is granted. It hereby further is

ORDERED, that defendants' motion to dismiss on issue preclusion, subject matter jurisdiction, venue, and *forum non conve-*

---

**13.** Defendants also move to dismiss Count IV on subject matter jurisdiction grounds. Defendants argue that the Court's dismissal of Counts I, II, III, and V would destroy subject matter jurisdiction over Count IV because plaintiffs have not sufficiently alleged that this count independently satisfies the jurisdictional amount requirement. Their argument fails because the Court has dismissed Counts I, II, III, and V only in part. More importantly, their argument fails because satisfaction of the jurisdictional amount is determined by the amount of damages that the plaintiff claims at the initiation of the lawsuit, as long as the claim apparently is made in good faith and

does not, to a legal certainty, fall below the jurisdictional amount. *St. Paul Mercury Indemnity Co. v. Red Cab Co.*, 303 U.S. 283, 288–89, 58 S.Ct. 586, 82 L.Ed. 845 (1938); *Grinnell Mutual Reinsurance Co. v. Shierk*, 121 F.3d 1114, 1116 (7th Cir.1997), *see also Larsen v. Hoffman*, 444 F.Supp. 245, 253 (D.D.C.1977). Furthermore, "[e]vents occurring subsequent to the institution of suit which reduce the amount recoverable below the statutory limit do not oust jurisdiction." *St. Paul Mercury Indemnity Co.*, 303 U.S. at 289, 58 S.Ct. 586. The Court therefore denies defendants' motion to dismiss Count IV for lack of subject matter jurisdiction without prejudice.

*niens* grounds is denied. It hereby further is

ORDERED, that the Court defers consideration of defendants' motion to dismiss the remaining portions of Counts I, II, III, and V on Statute of Frauds grounds, pending further briefing. It hereby further is

ORDERED, that by October 21, 1998, plaintiffs shall file a pleading clearly stating their position regarding the factual question of whether and when realty was involved in the challenged transaction. It hereby further is

ORDERED, that defendants shall file their opposition by November 6, 1998. It hereby further is

ORDERED, that plaintiffs shall file their reply, if any, by November 20, 1998.

SO ORDERED.