**Steven IVEY, Petitioner,**

v.

**DEPARTMENT OF THE TREASURY, Respondent.**

No. 04–3155.

United States Court of Appeals, Federal Circuit.

DECIDED: Aug. 5, 2004.

Rehearing Denied Oct. 29, 2004.

David R. Feniger, Principal Attorney, Minneapolis, MN, Bryant G. Snee, David M. Cohen, Of Counsel Attorney, Washington, DC, for Respondent.

Steven Ivey, Chesapeake, VA, pro se.

Before MICHEL, Circuit Judge, ARCHER, Senior Circuit Judge, and RADER, Circuit Judge.

PER CURIAM.

The Merit Systems Protection Board (Board) denied Steven Ivey's petition in connection with his alleged protected disclosures under the Whistleblower Protection Act, 5 U.S.C. § 2302(b)(8)(WPA). *Ivey v. Dep't of Treasury*, No. AT–1221–02–0446–B–1 (MSPB Jan. 22, 2004). Because the Board's decision is supported by substantial evidence and is free of legal error, this court *affirms*.

## BACKGROUND

The United States Department of the Treasury (Treasury) employed Mr. Ivey as a data transcriber. During his probationary period, Mr. Ivey was terminated for receiving unacceptable quality ratings. Mr. Ivey asserts that both his low quality ratings and his termination were a retaliation for protected whistleblowing disclosures. The official who decided to terminate Mr. Ivey, however, testified that he was not aware of Mr. Ivey's whistleblowing activities and that his termination was based solely on poor performance. In addition, other individuals involved either in recommending Mr. Ivey's termination or in Mr. Ivey's supervision and evaluation testified that they were unaware of Mr. Ivey's whistleblowing activities until after his termination.

Following his termination, Mr. Ivey filed a complaint with the Office of Special Counsel (OSC). When the OSC informed Mr. Ivey that it was closing its investigation into his whistleblowing allegations, Mr. Ivey filed an individual right of action (IRA) appeal with the Board. The Board determined Mr. Ivey had alleged one non-frivolous disclosure protected under the WPA, which was evidenced by a letter written on November 1, 2000, to Esperanza Baladran, an agency employee in the complaint processing group. *Ivey v. Dep't of Treasury*, 94 M.S.P.R. 224, 229 (2003).

That letter concerned allegations that Treasury instructed its employees to check the "Presidential Donations box" on tax forms if not already checked. The Board also found that Mr. Ivey made a nonfrivolous allegation that this disclosure contributed to his termination. *Id.* at 230.

After a hearing on the merits, the Board denied Mr. Ivey's request for corrective action, holding in particular that Mr. Ivey did not establish that his protected disclosure was a contributing factor in either his low performance ratings or his termination. Although various witnesses testified, Mr. Ivey declined the opportunity to do so. The Board also noted that, even if Mr. Ivey had proven that his disclosure was a contributing factor in his termination, Treasury presented clear and convincing evidence that it still would have terminated Mr. Ivey.

## DISCUSSION

This court must affirm a decision of the Board unless it is "(1) arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law; (2) obtained without procedures required by law, rule, or regulation having been followed; or (3) unsupported by substantial evidence." 5 U.S.C. § 7703(c); *Hayes v. Dep't of Navy,* 727 F.2d 1535, 1537 (Fed.Cir.1984). Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Brewer v. United States Postal Serv.,* 227 Ct.Cl. 276, 647 F.2d 1093, 1096 (Ct.Cl.1981) (quotation omitted). To establish a reprisal for a whistleblowing activity, Mr. Ivey must prove by preponderant evidence that his disclosure was a contributing factor in Treasury's decision to terminate him. *See Horton v. Dep't of Navy,* 66 F.3d 279, 284 (Fed.Cir.1995).

■ Mr. Ivey asserts that the Board did not consider all relevant issues because it limited the hearing to just one allegation, the practice of checking boxes not checked by the taxpayer. Mr. Ivey asserts that his November 1, 2000 letter and other letters contained many other protected disclosures including revelations of disruptive behavior by coworkers. The Board, however, found that all allegations in Mr. Ivey's letters, except those concerning checking boxes, were frivolous, because those allegations identified no whistleblowing-type wrongdoing under the WPA. *Ivey,* 94 M.S.P.R. at 227–28. The test for a protected disclosure is whether a reasonable person in Mr. Ivey's position would consider that the disclosure evidenced "(i) a violation of any law, rule, or regulation, or (ii) gross mismanagement, a gross waste of funds, an abuse of authority, or a substantial and specific danger to public health or safety." 5 U.S.C. § 2302(b)(8). A reasonable person would not include in these categories the events described by Mr. Ivey, including high levels of noise, excessive meetings, and disruptive activities by coworkers.

Mr. Ivey also disputes much of the testimony presented to the Board and asks this court to reevaluate evidence. This court, however, does not review the Board's credibility determinations unless, at the very least, inherently improbable or discredited by undisputed facts. *Pope v. United States Postal Serv.,* 114 F.3d 1144, 1149 (Fed.Cir.1997). This court cannot simply discard evidence contrary to Mr. Ivey's version of the facts.

■ Finally, Mr. Ivey argues that the Board did not accurately take into consideration his evidence. Substantial evidence, however, supports the Board's decision. *See* 5 U.S.C. § 7703(c)(3). Mr. Ivey bears the burden of proving that his protected disclosures were a contributing factor in

his termination. The record contains substantial evidence, such as testimony from his first and second supervisors, that Treasury terminated Mr. Ivey for poor performance. Therefore, the Board did not err in denying Mr. Ivey's request for corrective action.

This court considered Mr. Ivey's remaining arguments and found none persuasive.