Steven IVEY, Plaintiff,

v.

Henry M. PAULSON, Secretary, Department of the Treasury, Defendant.

Civil Action No. 07–0748 (EGS).

United States District Court, District of Columbia.

Sept. 4, 2008.

Steven Ivey, Orlando, FL, pro se.

Robin Michelle Meriweather, Assistant United States Attorney, Washington, DC, for Defendant.

### MEMORANDUM OPINION

EMMET G. SULLIVAN, District Judge.

This matter is before the Court on defendant's Motion to Dismiss and plaintiff's Motion for Change of Venue. For the reasons discussed below, the Court will dismiss the complaint on the ground that all the claims are barred under the doctrine of res judicata.

## I. BACKGROUND

Plaintiff is a former employee of the Internal Revenue Service ("IRS") who worked "at the IRS Atlanta Submission Processing Center, located in Chamblee, Georgia. [His] employment ... was terminated during his probationary period." Memorandum of Points and Authorities in Support of Motion to Dismiss ("Def.'s Mot."), Declaration of Garry Wade Klein ("Klein Decl.") ¶¶ 4–5. This civil action represents another of a series of plaintiff's challenges to his termination. Here, plaintiff generally alleges that the methods the IRS adopted for distributing batches of work and for rating employees' performance were discriminatory and "prejudicial-

ly affected the plaintiff as a white male[ ] but not more favored females and blacks." Complaint ("Compl.") at 2. He purports to bring a civil rights action under 42 U.S.C. §§ 1981, 1983, 1986, and 1988, and Title VII of the Civil Rights Act of 1964, as amended, *see* 42 U.S.C. § 2000e *et seq.*, *see* First Amended Complaint ("Amd. Compl.") at 20 (¶ 33), and demands unspecified damages.[1] Compl. at 10.

## II. DISCUSSION

Defendant moves to dismiss the complaint on the ground that its claims are precluded under the doctrines of res judicata and collateral estoppel. *See* Def.'s Mot. at 11–15. Insofar as plaintiff demands monetary damages, defendant argues that the doctrine of sovereign immunity bars such a claim. *See id.* at 6–9.

■ Generally, a plaintiff is expected to "present in one suit all the claims for relief that he may have arising out of the same transaction or occurrence." *U.S. Indus., Inc. v. Blake Const. Co., Inc.,* 765 F.2d 195, 205 (D.C.Cir.1985) (quoting 1B J. Moore, *Moore's Federal Practice,* ¶ 0.410[1] (1983)). Under the doctrine of *res judicata,* a final judgment on the merits in a prior suit involving the same parties bars subsequent suits based on the same cause of action. *See Parklane Hosiery Co. v. Shore,* 439 U.S. 322, 326 n. 5, 99 S.Ct. 645, 58 L.Ed.2d 552 (1979). Two cases implicate the same cause of action if they share the same nucleus of facts. *Drake v. Fed. Aviation Admin.,* 291 F.3d 59, 66 (D.C.Cir.2002), *cert. denied,* 537 U.S. 1193, 123 S.Ct. 1295, 154 L.Ed.2d 1028 (2003) (internal quotation marks and citation omitted). *Res judicata* bars not only claims that actually were litigated, but also claims that could have been litigated in the previous action. *Allen v. McCurry,* 449

U.S. 90, 94, 101 S.Ct. 411, 66 L.Ed.2d 308 (1980) (citation omitted); *I.A.M. Nat'l Pension Fund v. Indus. Gear Mfg. Co.,* 723 F.2d 944, 949 (D.C.Cir.1983) (noting that *res judicata* "forecloses all that which might have been litigated previously") (citation omitted); *Hardison v. Alexander,* 655 F.2d 1281, 1288 (D.C.Cir.1981).

■ In order for *res judicata* to apply, defendant must show: (1) the identity of parties in both suits, (2) a judgment rendered by a court of competent jurisdiction, (3) a final judgment on the merits, and (4) an identity of the cause of action in both suits. *Paley v. Estate of Ogus,* 20 F.Supp.2d 83, 87 (D.D.C.1998) (citing *Brannock Assocs., Inc. v. Capitol 801 Corp.,* 807 F.Supp. 127, 134 (D.D.C.1992) (citing *U.S. Indus. Inc.,* 765 F.2d at 205 n. 21)). Defendant easily meets his burden.

■ Plaintiff has challenged his termination from his past employment as a seasonal data transcriber with the Internal Revenue Service in prior civil actions against the Secretary of the Treasury. *See, e.g., Ivey v. Paulson,* 222 Fed.Appx. 815 (11th Cir.2007) (per curiam) (affirming dismissal of district court's grant of summary judgment for defendant on Title VII claims of race and gender discrimination, retaliation, and sexual harassment), *cert. denied,* —— U.S. ——, 128 S.Ct. 177, 169 L.Ed.2d 120 (2007); *Ivey v. Snow,* No. 106–CV–2706–JOF–ECS, 2007 WL 2478886, at *1 (N.D.Ga. Aug.28, 2007) (dismissing age discrimination claim for failure to exhaust administrative remedies); *Ivey v. Paulson,* No. 6:07–0478, 2007 WL 1129001, at *2–3 (M.D.Fla. Apr.16, 2007) (dismissing libel and slander claims and civil rights claims under 42 U.S.C.

---

**1.** Plaintiff appears to have abandoned his claim under the Rehabilitation Act. *See* Pl.'s Opp'n at 20.

§§ 1981, 1983, 1986 and 1988 for failure to state claims on which relief can be granted); *Ivey v. Dep't of Treasury*, 107 Fed. Appx. 918 (Fed.Cir.2004) (per curiam) (affirming Merit Systems Protection Board's decision that protected whistleblowing disclosures were not contributing factors to low quality ratings of plaintiff's performance or his termination).

Review of this Court's docket and the cases defendant cites in his motion reveal that the parties in these actions are the same as the parties in the instant action, that all the actions arise from plaintiff's termination, and that courts of competent jurisdiction have rendered final judgments on the merits of his claims. As this Court already has recognized, "plaintiff either has raised or has had an opportunity to raise the claims set forth in the instant complaint." *Ivey v. Paulson*, No. 08–0134, 2008 WL 219917, at *2 (D.D.C. Jan.24, 2008).

### III. CONCLUSION

The Court will grant defendant's motion to dismiss on the ground that all the claims set forth in the instant complaint are barred under the doctrine of res judicata.[2] Plaintiff's Motion for Change of Venue will be denied as moot. An Order consistent with this Memorandum Opinion will be issued separately.

---

**2.** Because all of plaintiff's claims are barred under the doctrine of res judicata, the Court will not address defendant's remaining arguments.